GINTY v. NEW HAVEN IRON & STEEL CO.

(Circuit Court, D. Connecticut. February 16, 1906.)

No. 573.

PLEADINGS—COMPLAINT—MOTIONS.

    A plaintiff is entitled to state his case in his own way, and motions to expunge or to require fuller and more particular statements under the Connecticut practice act cannot be used to require him to state it otherwise, provided he avoids the prohibitions which the act and the rules thereunder have laid down.

At Law. On defendant's motion to strike out and also to amend complaint.

Fitzgerald & Walsh, for plaintiff.
Chase & Woodruff, for defendant.

PLATT, District Judge. When allegations are irrelevant, immaterial, prolix, or redundant, they may be expunged on motion "when the defect is plain, not otherwise." When the pleadings do not fully disclose the ground of claim, "fuller and more particular statements" may be incorporated therein, on motion. Such motions appeal, of course, entirely to the discretionary power of the court. It was certainly not intended that they should be used for the purpose of so altering, emasculating, and revising a complaint that it might thereafter be unable to withstand the searchlight of a demurrer. The

plaintiff is always entitled to state his case in his own way, and neither defendant nor court can point out that way for him, provided he avoids the prohibitions which the practice act and the rules thereunder have laid down. Premising this much, my decision follows:

Let the plaintiff strike out in paragraph 2 of his complaint the words "and is a youth," because their presence cannot affect the cause of action, and their only use would be to serve as an argument, which, when the complaint shall be read to the jury, might inflame their passions and prejudices. With that change, and the one made at the hearing, viz., striking out "said likelihood" in the sixth paragraph, and inserting in lieu thereof the word "possibility," let the complaint stand.